OPINION
{¶ 1} The juvenile-appellant Brent M. McDaniel appeals from the May 19, 2005, Judgment Entry of the Delaware County Court of Common Pleas, Juvenile Division, which vacated a Magistrate's Decision and set the matter for a "de novo" review before the trial court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 18, 2005, the trial court issued a citation to appellant to show cause as to why he was not in violation of his probation for refusing to abide by school rules and acting in a belligerent manner at an after school program. A hearing on the violation of probation allegation was conducted before a Magistrate on March 11, 2005. Appellant objected to much of the testimony on the basis that the State was attempting to present testimony that was based upon multiple layers of hearsay. Several of the objections were sustained. Ultimately, in a Magistrate's Decision filed on March 16, 2005, the Magistrate recommended that the case be dismissed.
 {¶ 3} On March 21, 2005, the State filed an objection to the Magistrate's Decision. In the objection, the State argued that the Magistrate had erred when the Magistrate applied the rules of evidence to the violation of probation hearing to exclude the testimony.
 {¶ 4} By Judgment Entry filed on May 19, 2005, the trial court sustained the State's objection and ordered that the Magistrate's Decision be vacated. Further, the trial court set the matter for a "de novo" hearing before the trial court.
 {¶ 5} It is from the May 19, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUSTAINING THE STATE OF OHIO'S OBJECTIONS WITHOUT A TRANSCRIPT.
 {¶ 7} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUSTAINING THE STATE OF OHIO'S OBJECTION TO THE MAGISTRATE'S DECISION."
 {¶ 8} We find that this court does not have jurisdiction to reach the merits of appellant's appeal. Ohio law provides that appellate courts have jurisdiction to review final orders or judgments only. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 9} Revised Code 2505.02 states, in relevant part, as follows: "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 17} "(6) An order determining the constitutionality of any changes to the Revised Code . . ."
 {¶ 18} In this case, the Judgment Entry appealed from does not meet any of the criteria identified in R.C. 2505.02(B). For example, there has been no order that would determine the action and prevent a judgment and, even if this matter were deemed to be a special proceeding, appellant's substantial rights have not been affected.
 {¶ 19} Accordingly, we find that the judgment from which this appeal is taken is not a final appealable order and this court has no jurisdiction to review this matter.
 {¶ 20} The within appeal is dismissed.
By: Edwards, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed. Costs assessed to appellant.